PAMELA O'LEARY TOWER  #6152
1330 Pacific Tower
1001 Bishop Street
Honolulu, HI  96813
Telephone: (808) 526-9500
Facsimile: (808) 533-4588
Email: pamelatower@earthlink.net

Attorney for Defendant WOODMORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00177 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | DEFENDANT'S REQUEST FOR |
| TRENT ALLEN WOODMORE, | ) | DISCOVERY and CERTIFICATE |
| | ) | OF SERVICE |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S REQUEST FOR DISCOVERY

Pursuant to CrimLR 16.1(a), Rules 12(d)(2) and 16 of the Federal Rules of

Criminal Procedure, 18 U.S.C. §3500, and the Fourth, Fifth, and Sixth

Amendments to the United States Constitution, Defendant TRENT ALLEN

WOODMORE (Hereinafter "Defendant"), through his undersigned attorney,

April 30, 2007
Page 2

requests to inspect and copy the following materials and information within the

government's possession or and/control or which may hereafter become available

without regard as to whether the government possesses or controls an original or

any copy of the requested discovery.  This request is not limited to those items that

the prosecutor knows of, but rather includes all discovery listed below that is in

the custody, control, care, and/or knowledge of any "closely related investigative

(or other) agencies."  *United States v. Bryan*, 868 F.2d 1032, 1037 (9th Cir.1989).


## PRETRIAL DISCOVERY

### 1.    Oral Statements of Defendant, codefendants, and/or coconspirators:

The substance of any oral statement made by Defendant or other co-

defendants and/or coconspirators in response to interrogation by any person who

was or was believed to be a governmental informant and/or agent, regardless of

whether the statement was made before or after arrest or in response to any

*Miranda* warnings.  F.R.Crim.P. 16(a)(1)(A); *United States v. McElroy*, 697 F.2d

459, 465-66 (2d Cir.1982).

April 30, 2007
Page 3

## 2.    Written and/or recorded Statements of Defendant, codefendants, and/or coconspirators:

Written and/or recorded statements made by Defendant, or by any codefendants and/or coconspirators within the possession, control, or custody of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, including recorded testimony, which relates to the offense charged, of Defendant before a grand jury.  This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents in which statement of the defendant or any other discoverable material is contained.  F.R.Crim.P. 16(a)(1)(B); *Loux v. United States*,  389 F.2d 911, 922 (9th Cir.1968); *United States v. Johnson*, 525 F.2d 999, 1002-05 (1976) (2d Cir.1975), *cert. denied*, 424 U.S. 920 (1976); *United States v. Lewis*, 167 U.S.App.D.C. 232, 511 F.2d 798 (1975).

## 3.    Agents' rough notes and summaries of all statements:

All agents' rough notes and summaries of all statements relating to items 1 & 2 above.  *See Campbell v. United States*, 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963); *United States v. Boshell*, 952 F.2d 1101, 1104-06 (9th Cir.1991).

3

April 30, 2007
Page 4

### 4.    Criminal record of Defendant, codefendants and/or coconspirators:

A copy of the prior arrest and conviction record of Defendant, of any codefendants and/or coconspirators, and of each prospective witness in this case or any related cases, both pending cases, prospective cases, and concluded cases, as well as any evidence that any of the preceding persons have engaged in any criminal act even if uncharged.  F.R.Crim.P. 16(a)(1)(D); F.R.E. 608, 609, and 613; *United States v. Strifler*, 851 F.2d 1197, 1201-02 (9th Cir.1988); *Thomas v. United States*, 343 F.2d 49, 53-54 (9th Cir.1965).

### 5.    Tangible evidence:

All books, papers, documents, photographs, tangible objects, fingerprints, illegal substances, vehicles, computer records, dispatch tapes (including any audio tapes of 911 telephone calls in any way related to this case), buildings or places, which are within the possession, custody or control of the government, regardless of how the government obtained the items, and that may be material to the preparation of the defense and/or are or may be intended for use as evidence at the trial or any hearing in this case (including sentencing).  F.R.Crim.P. 16(a)(1)(E).

### 6.

April 30, 2007
Page 5

**7.**          **Reports and/or results of examinations and tests:**

All reports and/or results of physical or mental examinations, and of

scientific tests or experiments which are within the possession and control of the

government, the existence of which is known, or by the exercise of due diligence,

may become known, to the attorney for the government which are material to the

preparation of the defense or are intended for use by the government as evidence

at trial or any hearing in this case (including sentencing).  F.R.Crim.P. 16(a)(1)(F).

**8.**     **Reports and/or statements of experts:**

Any reports and/or statements of experts, including the following:

(a)     the underlying data (i.e., actual test results, bench notes, work
sheets, photographs, fingerprint cards, autorads, computer
printouts, spectrographs, questions and answers in
psychological and psychiatric testing, or any records used to
reach any expert's opinion) used to obtain the results;

(b)     any written correspondence and any notes of telephone
communications among the investigating officers, U.S.
Attorney's office, the laboratory and expert(s); and/or

(c)     the results of physical or mental examinations and of scientific
tests, experiments, or comparisons;

which were made in connection with this case or which the government intends to

introduce in the presentation of the case in chief, in rebuttal, and/or for

5

April 30, 2007
Page 6

impeachment at trial or any other hearing (including sentencing).  F.R.Crim.P.

16(a)(1)(G).

### 9.    Government witness list:

The name, last known address and telephone number, and all prior

statements (to whomever made) of each prospective governmental witness which

relate to this case, and whether any witnesses have provided information to law

enforcement personnel or agencies in the instant case or any other case.

### 9.    Prior convictions and prior or subsequent or similar bad acts:

The description of any prior conviction, any prior or subsequent

similar act or bad act, and/or any other evidence covered by F.R.E. Rules 404(b) or

609 that the government would seek to introduce at trial or any pretrial or post-

trial proceeding on direct and/or cross-examination and/or in rebuttal and the

theory for the admission.

### 10.    Presentence reports and probation and juvenile records or files

All presentence reports and other contents of probation office and juvenile

record files relating to all witnesses and complainants for whom such reports exist

and for which files relate to such person(s) to the extent that those reports and files

April 30, 2007
Page 7

relate to the character of the witnesses and complainants, the witness' motives for

testifying, the witness' tendency to fabricate or exaggerate, evidence of the

witness' mental or emotional stability, the witness' substance abuse, the witness'

low intelligence, instances of the witness' lying to authorities or others, and/or

evidence of the witness' personal bias against Defendant. *Davis v. Alaska*, 415

U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *United States v. Alvarez,* 358

F.3d 1194, 1207-09 (9th Cir.2004); *Pennsylvania v. Ritchie*, 480 U.S. 39, 57-61,

107 S.Ct. 989, 1000-03, 94 L.Ed.2d 40, 57-60 (1987); United *States v. Streit*, 962

F.2d 894, 900 (9th Cir.1992); *United States v. Strifler*, 851 F.2d 1197, 1201-02 (9th

Cir.1988).

**11.    Government offers and agreements with witnesses:**

Any offers or agreements, direct or indirect, oral or written, and/or any

payments or promises of payment from any person or entity in any form

whatsoever, made to or by any witness or potential witness or any attorney for any

witness or potential witness (whether actually communicated to the witness or

potential witness by the witness' attorney) at any stage of the instant case, or any

other case which was intended to induce and/or might have induced or which

April 30, 2007
Page 8

resulted in any testimony *any* stage of the instant case. *Banks v. Dretke*, 540 U.S.

___, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004); *Hayes v. Woodford*, 301 F.3d

1054, 1072-75 (9th Cir.2002).

### 12.    Government promises and offers of immunity:

Any promise, understanding, offer of immunity or of past, present, or future

compensation, and/or any other kind of agreement or understanding between any

prospective governmental witness and any governmental agency.

### 13.    Witness' medical and psychiatric reports and substance abuse:

Any evidence, including any medical or psychiatric reports, tending to show

that any prospective witness' ability to perceive, remember, communicate, and/or

tell the truth is impaired, and any evidence that a witness has ever used narcotics

or other controlled substances, or has ever been an alcoholic. *Chavis v. North*

*Carolina*, 637 F.2d 213, 224-25 (4th Cir.1980).

### 14.    In court identifications of Defendant:

If the government (a) intends to call a witness at any hearing where the

witness may make an identification in court of Defendant and the witness has

never before identified Defendant, and/or (b) becomes aware of any witness who

April 30, 2007
Page 9

may make an identification in court of Defendant and the witness has never before identified Defendant, please state the identity of the witness and give notice to the court and the defense prior to the court proceeding at which the identification may be made that the witness intends to or may identify Defendant.

**15.    Summary of expert witness' testimony**:

A written summary of the testimony of any expert witnesses the government intends to use under F.R.E. Rules 702, 703, or 705 during trial or any hearing in this case (including sentencing).  The summary must describe the witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications and include a resume for each expert.

**16.    Investigations of Lay and Expert witnesses:**

Any evidence that any prospective witness (including experts) is and/or was under investigation by federal, state and/or local authorities for any criminal and/or unprofessional conduct.  *United States v. Chitty*, 760 F.2d 425, 428 (2d Cir.1985).

April 30, 2007
Page 10

**17.   Informants, lineups, and in tandem jury witnesses:**

Please state whether:

a.   An informant was in any way connected to this case;

b.   Any lineup or photospread occurred, or whether photographs of any kind were used in this case; and

c.   Any persons appeared "in tandem" as testifying witnesses before the grand jury in this matter.

*Roviaro v. United States*, 353 U.S. 53, 60-62, 77 S.Ct. 623, 628-29, 1 L.Ed.2d 639, 644-46 (1957).

**18.   Other evidence of witness bias or prejudice:**

Any other evidence that any prospective governmental witness is biased or prejudiced against Defendant or has a motive to falsify or distort his or her testimony.

**19.   *Giglio* evidence:**

Any material or information which may tend to impeach any witness at trial or any other proceeding in this case. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *United States v. Bagley*, 473 U.S. 667, 676-78,

April 30, 2007
Page 11

105 S.Ct. 3375, 3380-81, 87 L.Ed.2d 481, 490-91 (1985); *Hudson v. Blackburn*,

601 F.2d 785, 789 (5th Cir.1979).

**20.    Use of the olfactory sense of an animal:**

If the olfactory sense of an animal was used to obtain evidence in this case,

whether directly or indirectly, the following is requested:

(a)    The species and breed of the animal;

(b)    The gender and age of the animal;

(c)    The exact training (both initial and retraining) the animal received in detection of substances;

(d)    The standards or criteria employed in selecting animals for detection;

(e)    The standards the animal was required to meet to successfully complete the training program;

(f)    The substances the animal was trained to detect and how the animal "alerts;"

(g)    The "track record" (i.e., documentation and records) of the animal until its use for this case, including the following:

(i)    The number of positive alerts and the incident reports for each;

(ii)    The number of false alerts and the incident reports for each (differentiating between false alerts where the

11

April 30, 2007
Page 12

substances were never present and where the substances had been recently present); and

(h)   The records of the animal's daily activities since it completed training.

**21.    Tangible objects showing witness' bias:**

Any tangible objects (e.g., possible physical evidence; photographic lineups; mug shots or other photographs whether of alleged victims, witnesses, Defendant and any codefendant(s), and/or the scene of any alleged criminal activity) shown to any potential or possible witness -- to be made available for inspection by the defense.  The government is asked to disclose if any evidence seized and/or to be used in this case was digitally created or enhanced.

**22.    Electronic or mechanical surveillance:**

All unedited tapes of conversations which are the product of electronic or mechanical surveillance, bugging, audio or tape recording, and/or wiretapping of Defendant, any codefendants, coconspirators, and/or any unindicted defendants in the instant case and/or any related cases.

April 30, 2007
Page 13

### 23.    Evidence that will assist the defense in preparation:

All material and statements now known to the government, and/or which may become known, and/or which through due diligence may be learned from the investigation of this case which may assist Defendant in the preparation of Defendant's defense.

### 24.    *Brady* evidence:

Any material and/or information which tends to negate the guilt of Defendant as to the offense(s) charged and/or would tend to reduce his punishment therefor or would negate his competency or sanity. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Agurs*, 427 U.S. 97, 103-07, 96 S.Ct. 2392, 2397-99, 49 L.Ed.2d 342, 349-52 (1976); *Banks v. Dretke*, 540 U.S. ___, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004); *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir.1968); *Jones v. Jago*, 575 F.2d 1164 (6th Cir.1978).  The U.S. Attorney's attention is called to *Kyles v. Whitney*, 514 U.S. 419, 437, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490, 508 (1995), wherein it was held that "the individual prosecutor has a *duty* to learn of any favorable evidence

13

April 30, 2007
Page 14

known to others acting on the government's behalf in the case, including the police

[emphasis added]."

### 25.    The law given to the grand jury:

A transcript of the law read to the grand jury and of all remarks addressed to

the grand jury by the Assistant U.S. Attorney.

### 26.    Search warrants and evidence seized:

Any search warrants of persons and/or places, including affidavits and

inventories from same, which were issued in the instant case and/or any related

cases and any and all evidence seized, whether any search was pursuant to a

warrant or warrantless.

### 27.    Exculpatory evidence

All material and statements now known to the government, and/or which

may become known, or which through due diligence may be learned from the

investigating officers and/or the witnesses in the case, which are exculpatory in

nature or favorable to the accused and/or which may lead to exculpatory material.

This request includes the reports and statements of any investigation carried out by

any federal, state, or local law enforcement entity of suspects other than Defendant

April 30, 2007
Page 15

and includes both indicted and unindicted co-conspirators alleged to have

participated in the criminal activity of the instant indictment or related

indictments.

### 28.     Evidence from the personnel files of government agencies:

Defendant specifically requests that the government attorney assigned

to this case request a review of all personnel files of each agent involved in the

present case for possible impeachment material.  *United States v. Herring*, 83 F.3d

1120 (9th Cir.1996)*; United States v. Jennings*, 960 F.2d 1488 (9th Cir.1992);

*United States v. Henthorn*, 931 F.2d 29 (9th Cir.1991).

### 29.     Preservation of evidence:

Defendant specifically requests the preservation of all dispatch tapes,

logs, computer records, and/or any other physical evidence that may be destroyed,

lost, or otherwise put out of the possession, custody, or care of the government and

which relate to the arrest or the events leading to the arrest in this case. This

request includes, but is not limited to, any samples of narcotics used to run any

scientific tests, any narcotics, the results of any fingerprint analysis, the vehicle

15

April 30, 2007
Page 16

which the defendant drove, the defendant's personal effects, and any evidence

seized from the defendant or any third party.

**30.** *Jencks* **Act Material:**

All material to which Defendant is entitled pursuant to 18 U.S.C. §3500 and

F.R.Crim.P. 26.2. Defendant specifically requests pretrial production of these

statements so that the court may avoid unnecessary recesses and delays for defense

counsel to properly use any such evidence and prepare for cross-examination.

<u>PRESENTENCING DISCOVERY</u>

**31.     Relevant conduct under USSG §1B1.3:**

Disclose all conduct, circumstances and injuries relevant to the crimes

alleged in the indictment. Defendant requests the conduct, circumstances, and

injuries relevant to the offense alleged in the indictment upon which the

government intends to rely at sentencing.

**32.     Sentencing Enhancement under USSG §2J1.7:**

Disclose whether the government contends that a sentencing enhancement is

warranted or under any other provision of law, whether or not specifically

April 30, 2007
Page 17

mentioned in the USSG.  Please produce all information relating to any such

enhancement.

### 33.    Victim-related adjustments under USSG Chapter 3, Part A:

Disclose all information relating to any contention that a victim-related

adjustment is warranted.

### 34.    Role in the offense USSG Chapter 3, Part B:

Disclose the following information:

whether Defendant was an organizer or leader of a criminal activity
that involved five or more participants or was otherwise extensive;

b.    whether Defendant was a manager or supervisor (but not an
organizer or leader) and the criminal activity involved five or
more participants or was otherwise extensive;

c.    whether Defendant was an organizer, leader, manager or
supervisor in any criminal activity other than described in (a) or
(b);

d.    whether Defendant was a minimal participant in any criminal
activity;

e.    whether Defendant was a minor participant in any criminal
activity; and

f.    whether Defendant abused a position of public or private trust,
or used a special skill in a manner that significantly facilitated
the commission or concealment of the offense.

April 30, 2007
Page 18

**35.     Obstruction under USSG Chapter 3, Part C:**

Disclose all information relating to any contention that Defendant

willfully impeded or obstructed or attempted to impede or obstruct the

administration of justice during the investigation or prosecution of offenses

alleged in the indictment.

**36.     Closely related counts under USSG §3D1.1 and §3D1.2:**

Disclose all counts of the indictment which the government contends are

closely related counts as that term is defined.

**37.     Acceptance of responsibility under USSG §3E1.1:**

Disclose all information which demonstrates that Defendant has recognized

and affirmatively accepted personal responsibility for the criminal conduct at

issue.

**38.     Criminal history and livelihood under USSG Chapter 4:**

Disclose the following information concerning Defendant's prior criminal

record upon which the government intends to rely:

        a.     each prior sentence of imprisonment exceeding one year and
              one month;

18

b.    each prior sentence of imprisonment exceeding sixty days;

c.    each prior sentence of imprisonment not counted in (a) or (b);

d.    whether any crimes alleged in the indictment were committed while Defendant was under any criminal justice sentence; including probation, parole, supervised release, imprisonment, work release, or escape status;

e.    whether Defendant committed any of the offenses alleged in the indictment less than two years after release from imprisonment on any sentence set out under (a) or (b) above;

f.    for any offense under (a) or (b) above which was committed by Defendant prior to his or her eighteenth birthday, please identify any such sentence which resulted in an adult sentence of imprisonment exceeding one year and one month, or which resulted in an imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of Defendant's commencement of any crime alleged in the indictment;

g.    identify any prior sentence under (a) or (b) above, which exceeded one year and one month, and which was imposed more than fifteen years prior to Defendant's commencement of any crime alleged in the indictment. Also reveal any such prior sentence which exceeded one year and one month which resulted in Defendant's incarceration during any part of the fifteen year period;

h.    for any prior sentence under (b) above, identify any such sentence which was imposed more than ten years prior to

19

April 30, 2007
Page 20

Defendant's commencement of the crimes alleged in the indictment;

i.    disclose any prior sentence imposed upon Defendant which included a "diversionary disposition", a "military sentence", a "foreign sentence", a "tribal court sentence", or an "expunged conviction;" and

j.    identify any prior revocation of probation , parole, supervised release, special parole, or mandatory release involving any prior sentence imposed upon Defendant;

### 39.    Upward departure for inadequacy of criminal history category under USSG §4A1.3:

Disclose all information which may relate the adequacy of the Defendant's criminal history category and identity all information on which the government may rely in arguing for an upward departure on this ground.

### 40.    Career offender under USSG §4B1.1:

Disclose all information upon which the government will rely in arguing that the Career Offender rules will apply to Defendant.

### Criminal livelihood under USSG §4B1.3:

Disclose all information which the government contends reveals that Defendant committed any crime alleged in the indictment as part of a pattern of criminal conduct engaged in as a livelihood.

20

April 30, 2007
Page 21

### 41.    Restitution under 18 U.S.C. §3663(d) and USSG §5E1.1:

Disclose all restitution for which the government contends Defendant is liable.

### 42.    Fines under USSG §5E1.2:

Disclose the minimum and maximum fine for which the government contends Defendant is liable for each offense alleged in the indictment.

### 43.    Substantial assistance under USSG 5K1.1.

Disclose any and all substantial assistance to authorities provided by Defendant, including, but not limited to, the nature, the significance and usefulness of the assistance, the truthfulness, completeness and reliability of any information provided, the nature and extent of Defendant's assistance, any injuries suffered, or any danger or risk of injury to Defendant or his family resulting from such assistance, and the timeliness of Defendant's assistance.

### 44.    Death under USSG §5K2.1:

Disclose whether any death resulted from any crime alleged in the indictment which the government may argue will increase the sentence above the authorized guideline range.

April 30, 2007
Page 22

**45.    Significant physical injury:**

Disclose any significant physical injury which the government may use to argue that the sentence should be above the authorized guideline range pursuant to USSG §5K2.2.

**46.    Extreme psychological injury under USSG §5K2.3:**

Identify whether any victim or victims suffered psychological injury much more serious than normally resulting from the commission of any of the crimes alleged in the indictment, if the government might use such injury to argue that the sentence should be outside the authorized guideline range.

**47.    Abduction or unlawful restraint under USSG §5K2.4:**

Disclose whether any person was abducted, taken hostage, or unlawfully restrained to facilitate commission of any of the crimes alleged in the indictment or to facilitate the escape from the scene of any such crime.

**48.    Property damages or loss under USSG §5K2.5:**

Disclose any property damage or loss otherwise not taken into account within the USSG which the government may use to argue that the sentence should be above the authorized guideline range.

April 30, 2007
Page 23


**50.    Weapons or dangerous instrumentalities under USSG §5K2.6**:

Identify any weapons or dangerous instrumentalities used or possessed

during the commission of any crime alleged in the indictment which the

government may argue as a reason why the sentence should be above the

authorized guideline range in this case.

**51.    Disrupting governmental function under USSG §5K2.7:**

Disclose whether the government contends that Defendant's conduct

resulted in a significant disruption of a governmental function.

**52.    Extreme conduct under USSG §5K2.8:**

Disclose whether the government contends that Defendant's conduct was

unusually heinous, cruel, brutal or degrading to any victim.

**53.    Criminal purpose under USSG §5K2.9:**

Disclose whether the government contends that Defendant committed any

offense alleged in the indictment in order to facilitate or conceal the commission

of another offense.

April 30, 2007
Page 24

### 54.    Victim's conduct under USSG §5K2.10:

Identify all wrongful conduct by any victim which may have contributed

significantly to provoking any offense alleged in the indictment.

### 55.    Lesser Harms under USSG §5K2.11:

Disclose any information which may tend to show that Defendant

committed a "lesser harm."

### 56.    Coercion and Duress under USSG §5K2.12:

Disclose any information which may tend to show that Defendant acted

under coercion and duress.

### 57.    Diminished capacity under USSG §5K2.13:

Disclose any information which may tend to show that Defendant

committed this offense while suffering from diminished capacity not resulting

from voluntary use of drugs or other intoxicants.

### 58.    Public Welfare under USSG §5K2.14:

Disclose whether the government contends that national security, public

health or safety was significantly endangered by any of the crimes alleged in the

indictment or whether Defendant committed the offense in furtherance of a

terroristic action.

April 30, 2007
Page 25

**59.    Voluntary Disclosure of Offense under USSG §5K2.16:**

Disclose any information which may tend to show that Defendant

voluntarily disclosed the offense.

**60.    Government argument to sentence above guideline range**:

Disclose whether the government intends to argue that Defendant

should be sentenced above the range established under the USSG for

any reason not articulated above.

**61.    Government argument for upward departure:**

Produce any information relating to any contention by the government that

an upward departure from the range established by the USSG may be appropriate.

**62.    Government USSG calculations:**

Provide to the defense any and all copies of any USSG calculations or

summaries you disclose to any United States judge or United States probation

officer in this case.

DATED:    Honolulu, Hawaii, April 30, 2007.

_____
/s/ PAMELA O'LEARY TOWER
Attorney for TRENT ALLEN WOODMORE

April 30, 2007
Page 26


## CERTIFICATE OF SERVICE


     I hereby certify that a true and correct copy of the foregoing document was duly served upon the following at their last known address: Served Electronically through CM/ECF:

       Candace Kelly                       Candace.Kelly@usdoj.gov
       Assistant United States Attorney
       PJKK Federal Building, Room 6100
       300 Ala Moana Boulevard
       Honolulu, Hawaii 96813

       Attorney for the United States


       DATED:     Honolulu, Hawaii, April 30, 2007.


                         _____
                         /s/ PAMELA O'LEARY TOWER
                         Attorney for TRENT ALLEN WOODMORE